Filed 8/23/21  P. v. Superior Court (Tony B.) CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>TONY B.,<br><br>        Real Party in Interest. | B294813<br><br>(Los Angeles County<br>Super. Ct. Nos. MA066321,<br>MJ23850) |

ORIGINAL PROCEEDING; petition for writ of mandate. Daviann L. Mitchell, Judge.  Petition denied.

George Gascón, District Attorney of Los Angeles County, Kenneth M. Von Helmolt, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Public Defender of Los Angeles County, Albert J. Menaster and Robert C. Lu for Real Party in Interest.

The District Attorney of Los Angeles County filed a petition for writ of mandate after the superior court determined that minor Tony B., charged with murder and burglary committed at the age of 14, could not be tried as an adult due to the passage of Senate Bill No. 1391 (2017–2018 Reg. Sess.) (SB 1391) (Stats. 2018, ch. 1012, § 1, eff. Jan. 1, 2019). SB 1391 in almost all circumstances prohibits transfer of 14- and 15-year-olds to criminal court. In contrast, Proposition 57, passed in 2016, allowed for transfer of 14- and 15-year-olds to criminal court in limited circumstances. This court issued an order to show cause in February 2019 and, following briefing, issued an opinion granting the petition, in which the majority found that SB 1391 was not consistent with, and did not further, the intent of Proposition 57. (See *People v. Superior Court (Tony B.)* (Feb. 4, 2020, B294813) [nonpub. opn.] (*Tony B.*).)

The Supreme Court granted review of the matter. Thereafter, in *O.G. v. Superior Court* (2021) 11 Cal.5th 82 (*O.G.*), the Supreme Court held that SB 1391 was a permissible amendment of Proposition 57 and properly prohibited transfer of minors under the age of 16 to adult criminal court. (*O.G.,* at p. 87; see also Welf. & Inst. Code, § 707, subd. (a)(1)–(2), as amended by Stats. 2018, ch. 1012, § 1.) In May 2021, the Supreme Court transferred this matter back to this court, with directions to vacate our prior decision and reconsider the cause in light of *O.G.*

Following transfer, we requested further briefing from the parties. The People filed a letter brief, now conceding that SB 1391 properly bars transfer of minors under the age of 16 to adult criminal court.

Accordingly, in light of the holding of *O.G.* and Supreme Court direction, we vacate our prior decision and find that Tony B. is not subject to

prosecution in adult criminal court.  We therefore deny the petition for writ of mandate.

## **DISPOSITION**

The prior opinion (*Tony B., supra*) is vacated.  The order to show cause is discharged and the petition for writ of mandate is denied.  The previously issued stay is dissolved.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT